UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



WILSON RODRIGUEZ, et al.,

      Plaintiffs,

-against-

CALVIN GREGORY,

      Defendant.

22-CV-2180 (BCM)

**INITIAL CASE MANAGEMENT ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following case management and scheduling order pursuant to Fed. R. Civ. P. 16:

1. <u>Conference Adjourned.</u> The parties having requested the entry of their agreed-upon case management plan (Dkt. No. 19), the initial case management conference scheduled for August 3, 2022 is ADJOURNED *sine die*.

2. <u>Joinder and Amendment</u>. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties pursuant to Fed. R. Civ. P. 15(a) shall be filed no later than **August 17, 2022**. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4).

3. <u>Automatic Disclosures</u>. The parties shall exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **August 2, 2022**.

4. <u>Medical Records</u>. Plaintiffs shall provide HIPAA-compliant medical records release authorizations to the defendant no later than **August 2, 2022**.

5. <u>Fact Discovery</u>. All fact discovery shall be completed no later than **October 20, 2022**.

6. <u>Expert Discovery</u>. All expert discovery, including reports, production of underlying documents, and depositions shall be completed no later than **December 4, 2022**.

7. <u>Close of Discovery</u>. All discovery shall be completed no later than **December 4, 2022**.

8. <u>Status Conference</u>. Judge Moses will conduct a status conference on **November 15, 2022, at 11:00 a.m.,** in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse No later than **November 8, 2022**, the parties shall submit a joint status letter outlining the progress of discovery to date, as well as

any settlement efforts. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

9. <u>Timely Discovery</u>. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

10. <u>Conferences and Hearings</u>. All court conferences, hearings, and other proceedings will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call **(888) 557-8511** on their scheduled date, a few minutes before their scheduled time, and enter the access code **7746387. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.** If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

11. <u>Remote Depositions</u>. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

12. <u>Summary Judgment</u>. Summary judgment motions, if any, shall be served and filed no later than **30 days after the close of discovery**. Opposition papers shall be served and filed within **30 days thereafter**, and reply papers shall be served and filed within **14 days after any opposition**.

13. <u>Extensions and Adjournments</u>. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

14. <u>Joint Pretrial Order</u>. The parties' proposed joint pretrial order shall be filed no later than **30 days after the close of discovery**, unless there are summary judgment motion(s), in which case the joint pretrial order shall be filed no later than **30 days after the decision on the motion(s)**.

15. <u>Trial</u>. The parties have requested a jury trial.

16. <u>Extensions and Adjournments</u>. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

17. <u>Discovery of ESI</u>. If they have not already done so, counsel are hereby directed to confer with one another by telephone or in person **within two weeks of the date of this Order** regarding potential discovery issues concerning electronically stored information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs.

18. <u>Discovery Applications</u>. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required.

19. <u>Fed. R. Evid. 502(d) Order</u>. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Dated: New York, New York  
July 1, 2022

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**